UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


AHARON CHESLER

v.                                   Case No. 25-cv-00100-LM-TSM

ROBERT CHESLER
MALDEN POLICE DEPARTMENT
COMMONWEALTH OF MASSACHUSETTS


# REPORT AND RECOMMENDATION

Self-represented plaintiff, Aharon Chesler, filed a lawsuit against Robert Chesler ("Robert"), the Malden, Massachusetts Police Department ("MPD"), and the Commonwealth of Massachusetts (Doc. No. 1). Construing his complaint liberally, Chesler appears to allege violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, and state tort law. Chesler now moves for a temporary restraining order ("TRO") against the MPD and Robert (Doc. No. 3). Specifically, he requests that the court: 1- "order the [MPD] and those in Concert with them to cease their malicious prosecution," against him, and 2- "order Robert T. Chesler to make no deceptive statements to anyone" about Chesler. Doc. No. 3 at pg. 6. For the reasons that follow, the district judge should deny Chesler's motion for a TRO against Robert and the MPD.

# STANDARD

"A temporary restraining order 'is a provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available.'" Ginzburg v. Martínez-Dávila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Pro-Choice Network v. Schenck, 67 F.3d 377, 388-89 (2d Cir. 1995)). It is "nevertheless an extraordinary remedy which must be granted

sparingly and only in cases where the need for extraordinary equitable relief is clear and plain." Tirrell v. Edelblut, 747 F. Supp. 3d 310, 313 (D.N.H. 2024) (quotation omitted).  "In evaluating a motion for a TRO, the court considers the same four factors that apply to a motion for a preliminary injunction." Id. (citing Karlsen v. Town of Hebron, Civ. No. 18-cv-794-LM, 2018 WL 11273651, at *1 (D.N.H. Sept. 28, 2018).  "Those factors are: the movant's likelihood of success on the merits; the movant's likelihood of irreparable harm in the absence of relief; the balance of equities; and whether injunctive relief is in the public interest." Id.  "Likelihood of success and irreparable harm are the most important factors.  Id. at 313 (citing Strahan v. McNamara, 642 F. Supp. 3d 204, 207 (D.N.H. 2022)).  As the party seeking the TRO, Chesler "bears the burden of establishing that these four factors weigh in [his] favor."  Esso Standard Oil. Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

## DISCUSSION

I. **The Motion Does Not Comply with Federal Rule of Civil Procedure 65(b)**

Federal Rule of Civil Procedure 65(b) provides:

(1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

"The requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, to obtain ex parte relief, a party must strictly comply with those requirements." Pacaya v. Freedom Mortg. Corp., No. 22-CV-418-SE, 2022 WL 22860165, at *1 (D.N.H. Oct. 14,

2022) (quotations and alterations omitted). Here, Chesler did not file a verified complaint, and he did not submit an affidavit with his motion. Additionally, there has been no certification in writing of the efforts, if any, that Chesler took to notify Defendants, or alternatively, any explanation as to why such notice should not be required. Accordingly, the motion for a TRO should be denied for failure to comply with Rule 65(b).

## II. Chesler is Not Entitled to Injunctive Relief

Chesler's motion for a TRO fails for the additional and independent reason that it fails to demonstrate that Chesler is entitled to injunctive relief. Even when reading his complaint in the light most favorable to a self-represented litigant, it is far from clear that Chesler's complaint alleges cognizable claims against any defendant. Further, neither his complaint nor his motion demonstrates that Chesler is likely to succeed on the merits of his claims. Additionally, although Chesler seemingly identifies some harm, see Doc. No. 3 at pgs. 4-5, his pleadings do not establish that he will suffer irreparable harm in the absence of preliminary relief. Finally, Chesler has not shown or attempted to show that the balance of equities tip in his favor or that an injunction is in the public interest. Accordingly, his motion should be denied on this additional basis.

## CONCLUSION

For the foregoing reasons, the district judge should deny Chesler's motion for a TRO. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins.

Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

/s/ Talesha L. Saint-Marc
Talesha L. Saint-Marc
United States Magistrate Judge

March 13, 2025

cc: Aharon Chesler, pro se